IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT IF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAMAR COMPANY, LLC** | § § § | **PLAINTIFF** |
| **v.** | § § | **CIVIL ACTION NO. 1:08CV21-LG-RHW** |
| **CITY OF GULFPORT, MISSISSIPPI** | § § § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER DENYING THE CITY OF GULFPORT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A STAY OF PROCEEDINGS

**BEFORE THE COURT** is the Motion to Dismiss, or in the Alternative, for a Stay of Proceedings [11] filed by the City of Gulfport, Mississippi. Plaintiff Lamar Company, LLC, has responded to the Motion, and the City has replied. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the doctrine of abstention does not warrant a stay or dismissal in this case. Therefore, the City's Motion to Dismiss or in the Alternative, for a Stay of Proceedings is denied.

### FACTS

On February 6, 2007, the City enacted an ordinance that amended its prior regulations concerning outdoor advertising signs.[1] The February 2007 Ordinance reduced the number of zoning districts in which outdoor advertising signs could be constructed, imposed spacing requirements for outdoor signs located in certain districts, and contained amendments concerning electronic signs. (Ex. D to Compl.) According to Lamar, the City advised them that the

---

[1] The prior ordinance was enacted in 1987.

February 2007 Ordinance did not prohibit outdoor digital signs.[2] (Compl. at 4). Lamar applied for, and was granted, permits to either construct new digital signs or convert existing signs to digital signs. (*Id.* at 4). However, on or about July 25, 2007, the City revoked four of Lamar's permits. (*Id.*) Lamar provided notice of its intent to appeal the revocations and requested a hearing, but its request for a hearing was denied. (*Id.* at 4-5).

On September 4, 2007, the City passed a moratorium on the construction of new outdoor signs so that changes to the February 2007 Ordinance could be considered. (*Id.* at 6). On September 27, 2007, the City held a public hearing and voted to recommend amendments to the February 2007 Ordinance which had been proposed by the Gulf Coast Business Council. (*Id.*) On November 6, 2007, the City adopted the present version of the outdoor sign ordinance. (*Id.* at 7). Pursuant to Miss. Code Ann. §11-51-75, Lamar filed a Notice of Appeal in the Circuit Court of Harrison County, Mississippi. (Ex. C. to City's Mot.) In its Bill of Exceptions pending in the state court, Lamar claims that the City's decision to adopt the November 2007 Ordinance was arbitrary and capricious, not fairly debatable, and not supported by substantial evidence. (Ex. D to City's Mot.) Lamar also alleges that the statutory public hearing and notice requirements set forth at Miss. Code Ann. §§ 17-1-15 and 17-1-17 were not followed. (*Id.*) No state court action or appeal is pending regarding the supplanted February 2007 Ordinance.

On January 18, 2008, Lamar filed this lawsuit claiming that the February 2007 and November 2007 Ordinances constitute invalid regulation of protected speech, improper content-based suppression of protected speech, are unconstitutionally vague, and grant City Officials

---

[2] Digital signs utilize light emitting diode and/or liquid crystal display technology, and they provide the opportunity to display multiple static messages on the same sign structure. (*Id.* at 3).

improper discretion.  (Compl. at 10-11).  Specifically, Lamar avers that the November 2007 Ordinance does not provide for a specified period of time within which a sign permit must be approved or denied, and does not provide for prompt judicial review when permits are denied. (*Id.*)  Lamar also claims that the November 2007 Ordinance's "660 foot set back requirement on major commercial thoroughfares is the functional equivalent of a complete ban on all new outdoor advertising signs." (*Id.*)  Finally, Lamar alleges that its right to due process has been violated because the City has not provided a hearing regarding permits that were revoked, and seeks injunctive relief concerning the revoked permits and the permits that had not been granted or denied as of the date on which the lawsuit was filed.  (*Id.* at 12-13).  In its Motion the City seeks a dismissal, or in the alternative, a stay of these proceedings under the doctrine of abstention.

## DISCUSSION

The doctrine of abstention permits a federal court with properly invoked jurisdiction to either defer to state court proceedings or postpone a ruling pending a decision in state court when the result of the federal lawsuit may turn on issues of state law or interfere with ongoing state court proceedings.[3]  The purpose of the doctrine is to minimize friction between federal courts

---

[3] "It is more precise to refer to 'abstention doctrines' since there are at least four distinguishable lines of cases, involving different factual situations, different procedural consequences, different support in the decisions of the Supreme Court, and different arguments for and against their validity." Charles Alan Wright & Mary Kay Kane, *Federal Practice and Procedure* §54 (2008).  "Abstention is variously recognized: (1) Pullman-type abstention, to avoid decision of a federal constitutional question when the case may be disposed of on questions of state law; (2) Burford-type abstention, to avoid needless conflict with the administration by a state of its own affairs; (3) to leave to the states the resolution of unsettled questions of state law; and (4) to avoid duplicative litigation, now frequently referred to as Colorado River-type abstention." *Id.*

and state courts. *Hobbs v. Thompson*, 448 F.2d 456, 462 (5th Cir. 1971). "Since the doctrine has the effect of frustrating a federal litigant in his choice of an otherwise appropriately invoked federal forum, it has been applied only in narrowly limited 'special circumstances.'" *Hobbs*, 448 F.2d at 462. In this Motion, the City contends that this Court should abstain from considering this case under the *Pullman* abstention doctrine and the *Younger* abstention doctrine.

**PULLMAN ABSTENTION**

The most clearly established abstention doctrine comes in cases in which state action is being challenged in federal court as contrary to the federal Constitution, and there are questions of state law that may be dispositive of the case. This is usually referred to as the *Pullman* abstention doctrine.[4] *Pullman* abstention addresses the inappropriateness of federal court resolution of difficult or unsettled questions of state law and the need to avoid reaching constitutional questions that may become moot upon the application of state law. *La. Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1491 (5th Cir. 1995) (citing *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 967 (5th Cir. 1993)). "If a statute is not obviously susceptible of a limiting construction, then even if the statute has 'never [been] interpreted by a state tribunal . . . it is the duty of the federal court to exercise its properly invoked jurisdiction." *City of Houston, Texas v. Hill*, 482 U.S. 451, 468 (1987). Abstention is the exception, not the rule, and it is particularly inappropriate for overbreadth and vagueness claims asserted pursuant to the First Amendment. *La. Debating*, 42 F.3d at 1491; *Hobbs*, 448

---

[4] *Railroad Comm. Of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In *Pullman*, the company sought to enjoin enforcement of a Texas Railroad Commission order. Pullman, its porters and conductors, claimed that the order violated the Fourteenth Amendment and claimed that under Texas law the Commission did not have the authority to issue the order.

F.2d at 462.  Federal courts are reluctant to abstain in cases involving facial challenges based on the First Amendment because "[i]n such case[s] to force the plaintiff who has commenced a federal action to suffer the delay of state-court proceedings might itself effect the impermissible chilling of the very constitutional right he seeks to protect." *Hill*, 482 U.S. at 467.  The Fifth Circuit has recognized that "the extraordinary decision to stay federal adjudication requires more than an ambiguity in state law and a likelihood of avoiding constitutional adjudication.  A district court must carefully assess the totality of the circumstances presented by a particular case.  This requires a broad inquiry which should include consideration of the rights at stake and the costs of delay pending state court adjudication." *La. Debating*, 42 F.3d at 1491 (quoting *Duncan v. Poythress*, 657 F.2d 691, 697 (5th Cir. 1981)).

      Here, the Court must consider the ordinances at issue as well as the nature of Lamar's claims against the City.  With regard to the February 2007 Ordinance, the parties disagree over whether the ordinance prohibits digital signs.  To the extent that the February 2007 Ordinance prohibits digital signs, Lamar asserts that it is vague, improperly regulates protected speech, suppresses speech based on content, violates Lamar's right to due process, and provides the City with unfettered discretion in determining whether an application for a sign permit has been properly made within the requirements of the Ordinance.  Lamar also seeks injunctive relief – reinstatement of permits for digital signs that were revoked by the City pursuant to its determination that the February 2007 Ordinance prohibited digital signs.  Meanwhile, the November 2007 Ordinance was enacted to clarify the February 2007 Ordinance, by explaining that digital signs are prohibited.  Lamar asserts the same constitutional claims concerning the November 2007 Ordinance.

After reviewing the Ordinances and the claims at issue, the Court has determined that *Pullman* abstention is not appropriate. First, Lamar asserts that both Ordinances are vague, and the Fifth Circuit has held that abstention is particularly inappropriate for such claims. Additionally, the constitutional claims with regard to the November 2007 Ordinance do not hinge on a particular interpretation of the Ordinance since it clearly states that "digital signs with a changing-face display" are prohibited. Abstention would serve no purpose with regard to the November 2007 Ordinance and would potentially result in additional chilling of protected speech. In contrast, Lamar's claims concerning the February 2007 Ordinance hinge on a particular interpretation of the Ordinance– the City's contention that the Ordinance prohibits digital signs. Nevertheless, since this Court must make the same constitutional determinations with regard to the November 2007 Ordinance as it would with regard to the February 2007 Ordinance, consideration of the constitutional claims concerning the February 2007 Ordinance would not be futile. Instead, abstaining from considering the claims concerning that Ordinance would result in piecemeal litigation, a potential chilling of protected speech, and a waste of judicial resources.[5] In other words, since the same constitutional issues must be decided with regard to both Ordinances, no unnecessary interference with state court matters will result from this Court's decision to proceed with regard to the challenged February 2007 Ordinance. Therefore, *Pullman* abstention does not apply in this case.

**YOUNGER ABSTENTION**

"Abstention under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669

---

[5] It also should be noted that the applicability of the February 2007 Ordinance will only be relevant to Lamar's requests for permits that were made prior to the adoption of the November Ordinance, unless the November Ordinance is overturned.

(1971), 'is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.'" *La. Debating*, 42 F.3d at 1489 (quoting *Word of Faith*, 986 F.2d at 966). The factors to consider when determining whether *Younger* abstention is appropriate are: (1) whether the state proceedings "constitute an ongoing state judicial proceeding;" (2) whether the proceedings "implicate important state interests;" and (3) whether there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* at 1490 (quoting *New Orleans Pub. Serv., Inc. v. City of New Orleans*, 798 F.2d 858, 863-64 (5th Cir. 1986)). For *Younger* abstention to apply, the state proceedings must be ongoing and "judicial in nature." *Id.* In *New Orleans Public Service*, the United States Supreme Court held that *Younger* abstention did not apply to a ratemaking decision made by the New Orleans City Council, since the Council proceeding was legislative in nature rather than judicial in nature, even where a petition for review of the Council's decision had been filed in state court. *New Orleans Pub. Serv., Inc.*, 481 U.S. at 372-73. The Court explained:

> It is true, of course, that the federal court's disposition of such a case may well affect, or for practical purposes pre-empt, a future - or, as in the present circumstances, even a pending-state-court action. But there is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts. Viewed, as it should be, as no more than a state-court challenge to completed legislative action, the Louisiana suit comes within none of the exceptions that *Younger* and later cases have established.

*Id.* at 373.

In the present case, there is no ongoing state court proceeding with regard to the February 2007 Ordinance. Moreover, the City Council's decisions to enact both the February 2007

Ordinance and the November 2007 Ordinance are legislative in nature, not judicial.  Therefore, *Younger* abstention does not apply in this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss, or in the Alternative, for a Stay of Proceedings [11] filed by the City of Gulfport, Mississippi, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2008.

>                     s/ *Louis Guirola, Jr.*
>                     LOUIS GUIROLA, JR.
>                     UNITED STATES DISTRICT JUDGE